UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20936-ALTMAN/REID

SONNFRED BAPTISTE,

    Plaintiff,

v.

UNITED AUTOMOBILE INSURANCE COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDAITON ON PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

This cause is before the Court on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (the "Motion"). [ECF No. 3]. The Motion to was referred to the Undersigned by the Honorable Roy K. Altman for a Report and Recommendation. [ECF No. 5]. For the reasons addressed below it is **RECOMMENDED** that the Motion be **DENIED** and the case be **DISMISSED**.

    **I.    Standard of Review**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court can authorize the commencement of a lawsuit without prepayment of the filing fee if the litigant submits an affidavit the includes a statement of all assets and that the person is unable to pay the fees. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed IFP). Plaintiff has moved for leave to proceed *in forma pauperis* attesting to his inability to pay the filing fee. [ECF No. 3].

A district court may, however, deny a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 317 (1989), explained

> Section 1915(d)[1] has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

If a plaintiff's claim has merit, Section 1915 of United States Code Title 28 provides that a court may authorize a person who is unable to pay court fees to commence suit if the litigant is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1).

## II. Discussion

Plaintiff filed this action against United Automobile Insurance Company because of a car accident that occurred February 14, 2023. [ECF No. 1]. In the Complaint, Plaintiff described the details of the accident, and asserts that "since the accident happened I've been traumatized dealing with depression anxiety stresses lost my job I've been dealing with neck pain, pain in my head, my knees." [*Id.* at 1]. As such, Plaintiff states he filed this lawsuit because of "property damage" to his vehicle and for "personal injury-medical malpractice." [*Id.*].

---

[1] 28 U.S.C. § 1915(d) has since been replaced by 28 U.S.C. § 1915(e)(2)(B). *See* Pub.L. No. 104–134, § 804(a)(5), 110 Stat. 1321, 1321–74 (1996); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Simply put, Plaintiff fails to establish any basis for his action to be in federal court. Nothing in Plaintiff's Complaint can be construed as asserting a legal claim arising under federal law pursuant to 28 U.S.C. § 1331. Similarly, even assuming *arguendo* there were diversity of citizenship of the parties (which Plaintiff does not allege), there is nothing to indicate the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. To the contrary, the documentation Plaintiff has attached indicates that any damages far well below the amount required for diversity jurisdiction. As such, this is a case properly filed in state court, not federal court.

### III.    Recommendation

For these reasons, this Court **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 3], be **DENIED** and the complaint **DISMISSED** as frivolous.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 2nd day of June 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **District Judge Roy K. Altman;**

**Sonnfred Baptiste**
**750 NW 69th Street**
**Apt. 710**
**Miami, FL 33150**
**305-901-9513**
**PRO SE**

4